# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
July 24, 2019 Session

## STATE OF TENNESSEE v. JEFFREY WOOTEN

**Appeal from the Criminal Court for Knox County**
**No. 103924     Steven Wayne Sword, Judge**

___

**No. E2018-01338-CCA-R3-CD**

___

ROBERT L. HOLLOWAY, JR., J., concurring.

I agree with all of Judge McMullen's well-reasoned opinion except the determination that the trial court abused its discretion in allowing the audio recording of the 911 call to be played in its entirety before the jury.

The 911 call was the subject of a motion in limine filed at 12:46 p.m. on the first day of the jury trial and argued to the court before the jury was sworn. After argument, the trial court stated that it "needed to listen to the 911 recording" and would do so at lunch. After listening to the recording, the trial court found that the probative value of the 911 call was not substantially outweighed by the danger of unfair prejudice under Tennessee Rule of Evidence 403. Judge McMullen's opinion provides the details about what the trial court stated to support its ruling, and I will not repeat it here.

Our supreme court recently addressed the abuse of discretion standard of review holding that "the trial court conducted the Rule 403 balancing test within the parameters of its sound discretion." *State v. McCaleb*, 582 S.W.3d 179, 199 (Tenn. 2019). The court "emphasize[d] that the abuse of discretion standard of review does not permit an appellate court to substitute its judgment for that of the trial court." *Id*. at 186. Quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010), the *McCaleb* court stated:

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3)

whether the [trial] court's decision was within the range of acceptable alternative dispositions.

*McCaleb*, 582 S.W.3d at 186.

I conclude that the trial court's "factual basis for its decision is properly supported by the evidence," that the trial court applied the most applicable and "appropriate legal principles," and that the trial court's decision was "within the range of acceptable alternative dispositions." *Lee Med., Inc.*, 312 S.W.3d at 524. In my opinion, "the trial court conducted the Rule 403 balancing test within the parameters of its sound discretion." *McCaleb*, 582 S.W.3d at 199.

Judge Timothy L. Easter has authorized me to state that he joins in this concurring opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE